UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT G. HAZZARD,

        Plaintiff,

    v.                                17-CV-280
                                        DECISION & ORDER
ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

The plaintiff, Robert G. Hazzard, is a prevailing party in this social security benefits action. His counsel's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) is now before this Court. Docket Item 20. The Commissioner opposes the motion, arguing that the request for fees was a day late. Docket Item 22. For the reasons that follow, this Court grants Hazzard's counsel's motion.

## **TIMELINESS**

The Social Security Administration issued Hazzard a notice of award on April 16, 2020. Docket Item 20-1 at 2. Hazzard's attorney filed his request for fees 66 days later, on June 21, 2019. *Id.* At that time, Local Rule 5.5(g)(1) required that section 406(b)(1)(A) motions be filed within 65 days of such notice. But on August 2, 2019, the Second Circuit held that section 406(b)(1)(A) motions must be filed within 14 days of such notice. *See Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019).

Hazzard's motion therefore is untimely; nevertheless, and under the circumstances presented here, this Court will excuse the delay. *See id.* at 89 ("[D]istrict

courts are empowered to enlarge that filing period where circumstances warrant."). First, Hazzard's counsel was justified in relying on the local rule in place at the time, and under that rule, the request was only one day late. Moreover, that one day did not prejudice anyone or anything, and under such circumstances, courts are empowered to forgive such a minimal delay. *See id.* at 90 (explaining that "where, as here, the rule itself affords courts the discretion to alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate in a particular case"). In sum, because "the law regarding the time requirements for filing [section] 406(b) motions was unsettled at the time [Hazzard's] counsel received the [n]otice of [a]ward, and . . . there does not appear to be prejudice to either party," this Court will exercise its discretion to enlarge the 14-day filing period. *See Dillon v. Saul*, 2020 WL 360966, at *3 (W.D.N.Y. Jan. 22, 2020).[1]

## **REASONABLENESS OF THE REQUESTED FEES**

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

---

[1] The Commissioner also argued that Hazzard's counsel had failed to "attest that [he] has informed [the] plaintiff of the request." Docket Item 22 at 3. Hazzard's counsel subsequently filed a certificate of service indicating that he had informed Hazzard of the fees requested, Docket Item 23, and thus this objection is moot.

Hazzard was awarded $ 65,989.48 in past-due benefits.  Docket Item 20-1 at 2. His counsel seeks $16,497.37 in fees, which is 25% of the past-due benefits and is consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  *Id.* at 5.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[2]  *Id.*  The $16,497.37 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on September 3, 2019, this Court previously awarded Hazzard's counsel $6,250.03  in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 18, 19.  Because the fees granted above exceed the EAJA fees, his counsel must refund the EAJA fees to him.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

---

[2]  While the fee here constitutes an hourly rate of $507.61, *see* Docket Item 20-1 at 6—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that Hazzard's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $16,497.37, Docket Item 20, is GRANTED; and it is further

ORDERED that counsel for Hazzard shall refund the $6,250.03 EAJA fees to Hazzard within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:   May 18, 2020
         Buffalo, New York

                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE